UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

JUAN TAVERAS-DEAZA,

Defendant.

25-cr-666 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

The Court has received defendant's motion to suppress evidence and to request an evidentiary hearing pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C).  (Dkt. No. 21.)

"[A]n evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question."  *United States v. Getto*, 729 F.3d 221, 226 n.6 (2d Cir. 2013) (quoting *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 157, 165 (2d Cir. 2008)).  "A motion to suppress does not require a hearing unless there is a factual dispute" and, "[t]o create a factual dispute, [a] defendant must submit sworn factual allegations from an affiant with personal knowledge."  *United States v. Fruchter*, 104 F. Supp. 2d 289, 308 (S.D.N.Y. 2000) (citing *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992), and *United States v. Urena-Pere*, No. 91-cr-946, 1995 WL 494012, at *1 (S.D.N.Y. Aug. 17, 1995)).

Defendant's motion is supported solely by a memorandum from his attorney.  (Dkt. No. 21.)  Such a memorandum does not create a factual dispute sufficient to entitle defendant to an evidentiary hearing on his motion.  *See United States v. Vaid*, No. 16-cr-763, 2017 WL 3891695, at *9 (S.D.N.Y. Sep. 5, 2017).  If defendant desires an evidentiary hearing, he is directed to submit a "definite, specific, detailed, and nonconjectural" affidavit from an affiant with personal knowledge of the facts at issue on or before Monday, April 6, setting forth any "contested issues of fact going to the validity of the search in question."  *Getto*, 729 F.3d at 226 n.6.

Dated:  New York, New York
        March 31, 2026

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.